# No. 08-99027

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Richard Djerf,

      Petitioner-Appellant,

  –vs–

Charles L. Ryan, et al.,

      Respondents-Appellees.

**On Appeal from the United States District Court for the District of Arizona,**
No. CV-02-582-PHX-JJT
(Formerly No. CV–02-00358-JAT)

## RESPONDENTS-APPELLEES' SUPPLEMENTAL
## ANSWERING BRIEF

Mark Brnovich
Attorney General
(Firm State Bar No. 14000)

Lacey Stover Gard
Chief Counsel

Ginger Jarvis
Assistant Attorney General
Capital Litigation Section
2005 N. Central Avenue
Phoenix, Arizona  85004–1580
Telephone: (602) 542–4686
CADocket@azag.gov
State Bar Number 014487

Attorneys for Respondents-Appellees

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ...................................................................................i

TABLE OF AUTHORITIES.............................................................................. ii

ISSUE PRESENTED FOR REVIEW ...............................................................2

SUMMARY OF ARGUMENT...........................................................................2

ARGUMENT .....................................................................................................3

**V**

THE DISTRICT COURT CORRECTLY CONCLUDED THAT
THE ARIZONA SUPREME COURT CONSIDERED DJERF'S
PROFFERED MITIGATING EVIDENCE OF A DIFFICULT
FAMILY BACKGROUND IN ITS INDEPENDENT
REWEIGHING OF HIS FOUR DEATH SENTENCES ..............................3

CONCLUSION................................................................................................17

CERTIFICATE OF COMPLIANCE ...............................................................18

STATEMENT OF RELATED CASES ............................................................19

CERTIFICATE OF SERVICE ........................................................................20

# TABLE OF AUTHORITIES

**C**ASES                                                                        **P**AGE

Brecht v. Abramson, 507 U.S. 619 (1993)............................................................16

Cullen v. Pinholster, 563 U.S. 170 (2011) ...........................................................13

Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058 (2017)......................................12

Delo v. Lashley, 507 U.S. 272 (1993)....................................................................5

Eddings v. Oklahoma, 455 U.S. 104 (1982)............................3, 4, 6-9, 11, 13-17

Harrington v. Richter, 562 U.S. 86 (2011);...........................................................13

Harris v. Alabama, 513 U.S. 504 (1995)................................................................5

Hedlund v. Ryan, 854 F.3d 557 (9th Cir. 2017) ...................................................13

Johnson v. Texas, 509 U.S. 350 (1993)..................................................................5

Lockett v. Ohio, 438 U.S. 586 (1978)...............................................3, 4, 6, 7, 9, 11

Lopez v. Schriro, 491 F.3d 1029 (9th Cir. 2007) .................................... 13, 14, 15

Martinez v. Ryan, 566 U.S. 1 (2012) ......................................................5, 11, 12

McKinney v. Ryan, 813 F.3d 798 (9th Cir. 2015).................. 2, 3, 7, 10-14, 16, 17

Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013) .................................................12

Ortiz v. Stewart, 149 F.3d 923 (9th Cir. 1998)......................................................5

Poyson v. Ryan, 879 F.3d 875 (9th Cir. 2018).............................................. 13, 17

Richmond v. Lewis, 506 U.S. 40 (1992) .................................................................5

Ring v. Arizona, 536 U.S. 584 (2002) ....................................................................5

State v. Djerf, 959 P.2d 1274 (Ariz. 1998).............................................3, 7, 8, 11

State v. Gonzales, 892 P.2d 838 (Ariz. 1995). ......................................................4

State v. Ross, 886 P.2d 1354 (Ariz. 1994) .............................................................4

State v. Styers (Styers III), 254 P.3d 1132 (Ariz. 2011)............................... 14, 15

Styers v. Ryan (Styers IV), 811 F.3d 292 (9th Cir. 2015) ...................................16

Styers v. Schriro, 547 F.3d 1026 (9th Cir. 2008). ................................................15

Styers, 177 Ariz. at 117.......................................................................................15

Tennard v. Dretke, 542 U.S. 274 (2004) ....................................... 8, 9, 13, 14, 16

Walton v. Arizona, 497 U.S. 639 (1990).................................................................5

Williams v. Stewart, 441 F.3d 1030 (9th Cir. 2006) ..............................................5

Woodford v. Visciotti, 537 U.S. 19, 24 (2002) .......................................... 13, 14

Zant v. Stephens, 462 U.S. 862 (1983) ...................................................................9

**Statutes**

28 U.S.C. § 2254(d), (e)(1)......................................................................13

**RULES**

9th Cir. R. 28–2.6....................................................................................19

Pursuant to this Court's August 10, 2018, order, Respondents-Appellees hereby respond to the expanded certificate of appealability to include Djerf's previously uncertified challenge to the district court's dismissal of his "causal nexus" claim regarding the Arizona Supreme Court's consideration of nonstatutory mitigating factors in the course of its independently reweighing Djerf's death sentences in light of *McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc).  (Dkt. 95.)[1]

## ISSUE PRESENTED FOR REVIEW[2]

5. Did the district court correctly determine that the Arizona Supreme Court constitutionally considered the proffered non-statutory mitigating factor of a "difficult family background" in conducting its independent review of Djerf's four death sentences?

## SUMMARY OF ARGUMENT

Djerf contends that the district court erred by concluding that the Arizona Supreme Court conducted its reweighing of his death sentence in compliance with clearly established federal law because the state court failed to give adequate weight to his proffered non-statutory mitigating evidence of a "difficult family background."  This contention is unsupported by the record, and, further,

---

[1] "Dkt." refers to this Court's docket.

[2] The issue resumes numerically following those previously answered in Respondents-Appellee's Replacement Answering Brief.  (Dkt. 80, at 9.)

contradicts controlling United States Supreme Court precedent. *McKinney v. Ryan*, 813 F.3d 978 (9th Cir. 2015), is powerless to dictate otherwise.

## ARGUMENT

## V

## THE DISTRICT COURT CORRECTLY CONCLUDED THAT THE ARIZONA SUPREME COURT CONSIDERED DJERF'S PROFFERED MITIGATING EVIDENCE OF A DIFFICULT FAMILY BACKGROUND IN ITS INDEPENDENT REWEIGHING OF HIS FOUR DEATH SENTENCES.

Djerf challenges the district court's conclusion that "the Arizona Supreme Court properly considered all of the mitigation evidence presented by Petitioner at sentencing, thereby fulfilling the directive set forth in *Lockett*[3] and *Eddings*.[4]" (Dkt. 75, at 115–25; ER 056.) Specifically, Djerf argues that the state court did not give adequate weight to his mitigating evidence of a "difficult family background." (Dkt. 75, at 115.) Djerf's contention is without merit.

### A. *Factual and procedural background.*

On direct appeal, Djerf, citing *Lockett* and *Eddings*, challenged the trial court's conclusion that he had failed to prove his alleged mitigating factors, including the non-statutory factor of "difficult family background." *State v. Djerf*, 959 P.2d 1274, 1288, ¶ 59 (Ariz. 1998). The Arizona Supreme Court

_____

[3] *Lockett v. Ohio*, 438 U.S. 586 (1978).
[4] *Eddings v. Oklahoma*, 455 U.S. 104 (1982).

rejected this claim:

> Defendant claims that the trial court erred in refusing to give weight to a stressful family background and that not doing so violates the directive in *Lockett v. Ohio*, 438 U.S. 586 (1978), and *Eddings v. Ohio*, 438 455 U.S. 104 (1982), that the trial judge must consider all mitigating evidence proffered by defendant. This court has held that *Lockett* and *Eddings* require only that the sentence consider evidence proffered for mitigation. *State v. Gonzales*, 892 P.2d 838, 852 (Ariz. 1995). The sentencer, however, is entitled to give it the weight it deserves. *Id.* Arizona law states that a difficult family background is not relevant unless the defendant can establish that his family experience is linked to his criminal behavior. *State v. Ross*, 886 P.2d 1354, 1362 (Ariz. 1994). The trial court considered the evidence but found it irrelevant and declined to give it weight because proof was lacking that his family background had any effect on the crimes.
>
> Defendant introduced evidence that he was separated from his mother at a young age and raised by a father who was cold and aloof. Defendant insisted, however, that he was not physically abused by his father, and no evidence was introduced to show otherwise. We conclude that defendant's family background, in light of the entire record, will not mitigate the death sentences imposed for these murders.

959 P.2d at 1289, ¶¶ 61–62.

The district court likewise rejected Djerf's challenge to the Arizona Supreme Court's conclusion that his "difficult family background" mitigation was not sufficiently substantial to call for leniency. After discussing the legal standards enunciated by the United States Supreme Court in *Lockett* and *Eddings*, the district court noted:

> Although the sentencer may not refuse to consider constitutionally relevant mitigating evidence, it is constitutionally

4

permissible for a state death penalty statute to impose on defendants the burden of establishing the existence of a mitigating circumstance by a preponderance of the evidence. *See Walton v. Arizona*, 497 U.S. 639, 649–51 (1990) (plurality opinion) [overruled on other grounds *Ring v. Arizona*, 536 U.S. 584 (2002)]; *see also Delo v. Lashley*, 507 U.S. 272, 275 (1993) (per curiam) (stating that "we recently made clear that a State may require the defendant to bear the risk of nonpersuasion as to the existence of mitigating circumstances") (other citation omitted). In a weighing state like Arizona, if the sentencer determines that a mitigating circumstance has been established by a preponderance of the evidence, the Eighth and Fourteenth Amendments further require that such evidence be given whatever effect, or weight, the sentencer deems appropriate. *See Richmond v. Lewis*, 506 U.S. 40, 47–48 (1992); *see also Johnson v. Texas*, 509 U.S. 350, 367 (1993) (sentencer must be able to give effect to relevant mitigation that has been established by the evidence). However, the Constitution does not require that a death penalty statute assign a specific weight to any particular mitigating factor established at sentencing. *See Harris v. Alabama*, 513 U.S. 504, 512 (1995). The *Harris* Court held that requiring states to assign particular weight to mitigation would "place within constitutional ambit micromanagement tasks that properly rest within the [s]tate's discretion to administer its criminal justice system." *Id.* Thus, it is an issue of state law whether a mitigating circumstance exists and, if established, the weight to be assigned to it. *See Ortiz v. Stewart*, 149 F.3d 923, 943 (9th Cir. 1998) [overruled on other grounds, *Martinez v. Ryan*, 566 U.S. 1 (2012)]; *see also Williams v. Stewart*, 441 F.3d 1030, 1057 (9th Cir. 2006) (once mitigation is allowed in, a finding that there are no mitigating circumstances does not violate the Constitution).

(ER 052–53.) Rejecting Djerf's claim on the merits, the district court reasoned,

in pertinent part:

> *. . . the trial court considered all of Petitioner's arguments and evidence in support of mitigation, including all the non-statutory mitigation which comprises Claim Eleven. The trial court simply disagreed with Petitioner regarding the import of such mitigation. However, the fact that the sentencing court in this case found the*

*evidence inadequate to justify leniency, does not violate the Constitution.* After independent review, the Court concludes that the trial court considered all of the mitigation evidence presented by Petitioner, thereby fulfilling the directive set forth in *Lockett* and *Eddings*.

. . . on direct appeal, the Arizona Supreme Court specifically stated that they independently considered the complete record of mitigation evidence Petitioner presented during sentencing before concluding that it was not sufficient to warrant leniency. *Thus, the Court concludes that the Arizona Supreme Court properly considered all of the mitigation evidence presented by Petitioner at sentencing, thereby fulfilling the directive set forth in Lockett and Eddings. The supreme court's decision that Petitioner's mitigation record was insufficient to warrant leniency is not contrary to or an unreasonable application of clearly established federal law.*

* * *

*. . . Nonetheless, it is readily apparent that the trial court and the Arizona Supreme Court performed their constitutional duty and properly considered the mitigating evidence, even citing Lockett and Eddings.*[FN] *The fact that the state courts found the non-statutory mitigation evidence inadequate to warrant leniency does not violate the Constitution. The trial court and the Arizona Supreme Court properly considered Petitioner's non-statutory mitigation evidence.* Petitioner is not entitled to relief on Claim Eleven.

> [FN] In its discussion of mitigating information concerning Petitioner's difficult family background, the supreme court, after discussing the mandate of *Lockett* and *Eddings*, clarified that consideration of mitigation is separate and apart from whether a court is required to give any weight to the mitigation evidence. Following this discussion, the court summarized the trial court's treatment of the mitigation evidence, stating that the trial court had considered the evidence but declined to give it weight, finding it "irrelevant." *The Court does not construe this comment to mean*

> *that the trial court was precluded from considering, or refused to consider, the proffered mitigation. Rather, use of the term "irrelevant" indicates that the mitigation was found insufficient to warrant leniency.*

(ER 056–57, internal citations omitted, emphasis added.) The district court was correct.

### B. *Argument.*

Citing *McKinney*, Djerf contends that the Arizona Supreme Court, in conducting its independent review of his death sentences, erroneously required him to "show that a causal connection existed between mitigating evidence regarding his background and the commission of the crime." (Dkt. 74, at 117.) He argues that both the sentencing court and the Arizona Supreme Court imposed this test in violation of *Eddings* and *Lockett*. (*Id.*) Djerf is mistaken, and the district court correctly concluded as such.

### 1. Clearly established federal law and the state court rulings.

Djerf challenged the trial court's assignment of weight to his proffered mitigation evidence of a "difficult family background" under *Eddings* and *Lockett* in his direct appeal, and, as recited above, the Arizona Supreme Court rejected it. *Djerf*, 959 P.2d at 1289, ¶¶ 61-62. Moreover, the Arizona Supreme Court conducted an independent review. As such, the district court found that, while the state supreme court's independent review does not, in and of itself, exhaust all constitutional challenges to Djerf's death sentences, it did encompass

a constitutional challenge to the trial court's consideration of all proffered mitigating evidence. Therefore, the district court applied the appropriate highly deferential review mandated by the AEDPA. (ER 051, internal citations omitted.) As previously recited, the district court then applied the controlling clearly established federal law—*Lockett* and *Eddings*—and correctly rejected Djerf's challenge to the Arizona Supreme Court's rejection of his claim of trial court error.

Djerf argues, essentially, that unless the state court accords his proffered mitigation evidence of "difficult family background" the weight he wishes, then it hasn't legally "considered" it pursuant to *Eddings* and *Tennard.* As detailed above, however, both the trial court and the Arizona Supreme Court in its independent review, considered *all* of Djerf's proffered mitigation. Those courts simply did not find, as a factual matter, all mitigation proved, or assign the mitigation weight to make it sufficiently substantial to call for leniency in light of the facts and circumstances of the crime, including the significant heinous, cruel or depraved aggravating factor. *Djerf*, 959 P.2d at 1289, ¶¶ 61–62. Neither *Tennard*, 542 U.S. at 285, nor *Eddings*, 455 U.S. at 113–15, requires more.

In *Tennard*, the United States Supreme Court rejected a test for "constitutional relevance" as a "threshold screening test" for considering

8

mitigation, explaining the standard for when a sentencer should consider the effect of mitigation as, "[T]he question is simply whether the evidence is of such a character that it might serve as a basis for a sentence less than death." 542 U.S. at 287 (internal quotations and citation omitted). The Arizona Supreme Court did not violate this standard in independently reviewing Djerf's death sentences. The court considered Djerf's "difficult family background" evidence, but simply reached a different conclusion regarding whether it called for the leniency than Djerf desired, particularly in light of the multiple horrendous murders Djerf committed on several members of one family. *Tennard* does not require the sentencing court (or reviewing court) to accord the mitigation the quality and strength that the defendant wishes—only that the court consider it. That is precisely what the Arizona courts did, and an assignment of little to no weight is a permissible and appropriate conclusion given the facts and circumstances of this case and this defendant. That is the essence of constitutionally individualized sentencing. *See Zant v. Stephens*, 462 U.S. 862, 878–79 (1983), citing *Eddings*, 455 U.S. at 110–12; *Lockett*, 438 U.S. at 601–05.

Moreover, as the district court pointed out, the Arizona Supreme Court's discussion of "relevance" when assessing the appropriate mitigating weight to be assigned Djerf's "difficult family background" evidence does not render the

9

decision an unreasonable application of clearly established Supreme Court case law. As the district court noted, "use of the term 'irrelevant' indicates that the mitigation was found insufficient to warrant leniency," *not* that "the trial court was precluding from considering, or refused to consider, the proffered mitigation." (ER 057, at n. 10.)

In other words, there is a distinction between *legal* relevance and *factual* relevance. Pursuant to controlling United States Supreme Court case law, Djerf's "difficult family background," was *legally* relevant simply because it was proffered mitigation. As such, it was considered as part of the evaluation of the appropriate sentences for Djerf's four first-degree murders in light of all of the facts and circumstances of the case, as well as all proffered mitigation. After this consideration, the state courts concluded there was little *factual* relevance to Djerf's "difficult family background," or, in other words, that this evidence was not *sufficiently substantial to call for leniency*, either alone or together with the other proffered mitigation. This is precisely the function of a constitutionally individualized sentencing procedure.

### 2. *McKinney* has no effect on Djerf's case.

The Arizona Supreme Court conducted an independent review as a function of Arizona's then statutory mandate, not because he raised a challenge

pursuant to *Eddings* and *Lockett*. *Djerf*, 959 P.2d at 1286, ¶ 39. After detailing all the aggravating and mitigating factors, and evidence supporting them, the Arizona Supreme Court affirmed all four death sentences. *Id.* at 1289–90, ¶ 67. To have preserved an *Eddings* claim for purposes of federal review pursuant to *McKinney*, Djerf necessarily must have raised it in a motion for reconsideration following the Arizona Supreme Court's issuance of its opinion detailing its independent reweighing. This is because *McKinney* only addresses alleged constitutional error (as articulated in *Eddings*) in the appellate review of non-statutory mitigation relevant to an imposed capital sentence. *McKinney*, 813 F.3d at 819. Because Djerf did not raise this issue in a timely motion for reconsideration, federal review for "*McKinney* error" is barred because it is procedurally defaulted.

And because *Martinez v. Ryan*, 566 U.S. 1 (2012), does not apply to ineffective assistance of appellate counsel claims, there is no avenue to excuse this procedural default. *See Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2063, 2065–66 (2017).[5] This limitation of the narrow *Martinez* exception reflects an acknowledgement that federal habeas review inflicts a "harm" on federalism. *Davila*, 137 S. Ct. at 2070. As the United State Supreme Court

explained:

> Federal habeas review of state convictions entails significant costs, and intrudes on state sovereignty to a degree matched by few exercises of federal authority. It frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights. It degrades the prominence of the state trial, and it disturbs the State's significant interest in repose for concluded litigation and denies society the right to punish some admitted offenders.

*Id.* (internal quotations and citations omitted).

Furthermore, even if not procedurally defaulted, the claim was rejected on the merits by the district court. *McKinney* is not clearly established supreme court case law, and, as such, cannot form the basis for overturning reasonable state court decisions—regardless of whatever overly broad dicta the majority in *a separate and unrelated case* made about the instant case without benefit of the record or relevant argument. *See* 813 F.3d at 814.

In *McKinney*, a narrow en banc majority of this Court concluded—contrary to the mandates of the AEDPA[6] "presumption that state courts know

---

( ... continued)

[5] *Davila* overruled this Court's expansion of *Martinez's* scope to also include procedurally defaulted claims of ineffective appellate counsel. *See Nguyen v. Curry*, 736 F.3d 1287, 1294–96 (9th Cir. 2013).

[6] The AEDPA prescribes "'a difficult to meet' and 'highly deferential standard for evaluating state-court rulings [and] which demands state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Visciotti*, 537 U.S. at 24). This deferential standard is not subject to a rebuttable presumption. *Compare* 28 U.S.C. § 2254(d), (e)(1).

and follow the law," (*Woodford v. Visciotti*, 537 U.S. 19, 24 (2002))—that for about 15 years, the Arizona Supreme Court routinely violated *Eddings* in capital cases when reviewing nonstatutory mitigation. 813 F.3d at 802. This not only vitiates the United States Supreme Court's presumption that state courts know and correctly apply the law, but is manifestly incorrect, even compared to this Court's own case law finding that the state court did *not* relentlessly and repeatedly violate *Eddings*. *See, e.g., Lopez v. Schriro*, 491 F.3d 1029, 1036–38 (9th Cir. 2007).

Respondents continue to disagree with this Court's decision in *McKinney*, as well as the more recently decided *Hedlund v. Ryan*, 854 F.3d 557 (9th Cir. 2017), and *Poyson v. Ryan*, 879 F.3d 875 (9th Cir. 2018), and maintain that Judge Bea's analysis in the respective dissent (*McKinney*, at 827–50) and concurrence (*Hedlund*, at 588–92), correctly reads the Arizona Supreme Court's opinions in light of *Eddings* and *Tennard*. Those opinions adhere to the requirement that this Court and other federal courts "presume that state courts know and follow the law." *Visciotti*, 537 U.S. at 24. As Judge Bea, in part, explained:

> *Eddings's* command is simple. . . . "Just as the State may not by statute preclude the sentencer from considering any mitigating factor, neither may the sentencer refuse to consider, *as a matter of law*, any relevant mitigating evidence." *Id.* at 113–14. Yet the Court made clear that the sentencer "may determine the weight to be given relevant mitigating evidence. But [it] may not give it no

> weight by excluding such evidence from [its] consideration." *Id.* at 114–15. In later cases, the Supreme Court clarified that the sentencer cannot refuse to consider evidence because that evidence does not bear a causal nexus to the crime. *See, e.g. Tennard v. Dretke*, 542 U.S. 274, 287 (2004). We have recognized that the sentencer may consider a "causal nexus . . . as a factor in determining the weight or significance of mitigating evidence." *Lopez v. Ryan*, 640 F.3d 1198, 1204 (9th Cir. 2011) (citing *Eddings*, 455 U.S. at 114–15).

*McKinney*, 813 F.3d at 833–34 (Bea, J., dissenting) (internal emphasis in original; parallel citations omitted).

Judge Bea's position is supported by the Arizona Supreme Court's re-review in *State v. Styers (Styers III)*, 254 P.3d 1132 (Ariz. 2011). This new independent review of Styers' capital sentence for the killing of 4-year-old Christopher Milke was occasioned by this Court erroneously finding that the Arizona Supreme Court required a causal nexus between Styers' PTSD and the crime, and, having found no such nexus, refusing to consider Styers' PTSD as a mitigating circumstance. *Styers v. Schriro*, 547 F.3d 1026, 1034–36 (9th Cir. 2008). Before engaging in the re-review, the Arizona Supreme Court noted:

> This Court's earlier opinion concludes that the proffered mitigation was "not sufficiently substantial to warrant leniency." *Id.* at 117, 865 P.2d at 778. According to the Ninth Circuit, however, we erred in declining to consider Styers' PTSD in making this determination. *Styers, 547 F.3d at 1035–36.* Although we disagree with that court's reading of our opinion in *Styers,*[FN] we nonetheless today consider whether Styers' PTSD, in combination with the other mitigating evidence, provides mitigation sufficiently substantial to warrant leniency.

14

> [FN]This Court's earlier opinion states that we "considered *all* of the proffered mitigation and, like the trial court, [found] it [was] not sufficiently substantial to warrant leniency." <u>*Styers,* 177 Ariz. at 117, 865 P.2d at 778</u> (emphasis added). That statement does not, in our view, give a "clear indication" that this Court "violated ... constitutional mandates," the standard federal courts purportedly employ when considering constitutional errors in state court proceedings. *See* <u>*Lopez v. Ryan,* 630 F.3d 1198, 1203 (9th Cir.2011)</u>. In fact, this language is remarkably similar to that in <u>*Lopez,*</u> in which the Ninth Circuit found "no indication" that this Court impermissibly required the defendant to establish a "causal nexus between mitigating evidence and the crime." Indeed, in finding no error, the Ninth Circuit relied on this Court's assertion "that it considered all the mitigating evidence on an independent review of the record and found that it did not warrant the exercise of leniency." <u>*Id.*</u>

*Styers III*, 254 P.3d at 1134, ¶ 10. After an extensive delay caused by this Court's erroneous finding of *Eddings* error, this Court has now affirmed the district court's denial of habeas review, acknowledging that the Arizona Supreme Court "considered the mitigating evidence and decided to give it little weight. Neither *Tennard*, 541 U.S. at 285, nor *Eddings*, 455 U.S. at 113–15, requires more." *Styers v. Ryan (Styers IV)*, 811 F.3d 292, 298–99 (9th Cir. 2015).

Similarly, in the instant case, the Arizona Supreme Court's independent review clearly included legally required consideration, or evaluation, of Djerf's non-statutory mitigation evidence, but reached a factual conclusion that, given

the facts and circumstances of Djerf's crimes, his proffered mitigation deserved little weight in determining whether he deserved leniency for his brutal and methodical murders of four members of the same family. As such, *McKinney* has no effect on the district court's rejection of Djerf's *Eddings* claim because the state's highest court followed the relevant United States Supreme Court law and properly evaluated all the proffered mitigation, including his "difficult family background."

Therefore, Djerf is unable to demonstrate any error, and, moreover, any conceivable error would be harmless because he cannot show any actual prejudice warranting relief from a federal court. *See Brecht v. Abramson*, 507 U.S. 619, 637 (1993). This is because, should this Court determine that a second reweighing by the Arizona Supreme Court is necessary to comply with *Eddings*, what would ensue is simply the Arizona Supreme Court (now constructed of 7 different justices than the 5 who previously independently reviewed Djerf's sentence) re-evaluating his proffered mitigation in light of the proved aggravating factors and facts and circumstances of the crimes, and undoubtedly reaching the same conclusion it did in 1998—affirming his capital sentences for these horrific crimes. A federal court can grant habeas relief only if there is "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the [sentencer's] verdict.'" *O'Neal*

*v. McAninch*, 513 U.S. 432, 436 (1995) (citiation omitted). *See also Poyson*, 879 F.3d at 897–900 (Ikuta, J., concurring) (reiterating disagreement with *McKinney* and applying *Brecht*).

Here, even were there lack of consideration of Djerf's proffered "difficult family background" non-statutory mitigation evidence pursuant to *Eddings*, there is no "grave doubt" that the Arizona Supreme Court would again affirm a capital sentence for each of the four murders. Djerf is not entitled to relief.

## CONCLUSION

For the foregoing reasons, as well as those articulated in Respondents-Appellees' Replacement Answering Brief, Respondents-Appellees respectfully request that this Court reject Djerf's claims and affirm the district court's order and decisions denying his habeas petition.

Respectfully submitted,

Mark Brnovich
Attorney General

Lacey Stover Gard
Chief Counsel

s/   Ginger Jarvis
Assistant Attorney General

Attorneys for Respondents-Appellees

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28–2.6 of the Rules of the United States Court of Appeals for the Ninth Circuit, Respondent-Appellees state that they are unaware of any related cases.


s/     Ginger Jarvis
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,703 words, excluding the parts of the brief that Fed. R. App. P. 32(a)(7)(B)(iii) exempts.

2.  This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Times New Roman type style.

DATED this 31st day of August, 2018.


s/      Ginger Jarvis_____
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 31, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Barbara Lindsay
Legal Secretary
Criminal Appeals/
Capital Litigation Sections
2005 N. Central Avenue
Phoenix, Arizona 85004-1580
Telephone: (602) 542–4686

7235646